**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CHRISTINE MCGOVERAN, JOSEPH VALENTINE, and AMELIA RODRIGUEZ, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON WEB SERVICES, INC., and PINDROP SECURITY, INC.,<br><br>Defendants. | Case No. |

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that Defendant Amazon Web Services, Inc. ("AWS"), by its undersigned attorneys, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes to the United States District Court for the Southern District of Illinois the action captioned *Christine McGoveran et al. v. Amazon Web Services, Inc. et al.* currently pending in the Circuit Court of Madison County, Illinois, as Case No. 2019-L-001786.  In support of removal, AWS states as follows:

1. On December 17, 2019, Plaintiffs Christine McGoveran, Joseph Valentine, and Amelia Rodriguez (collectively, "Plaintiffs") filed a putative Class Action Complaint alleging that AWS and Defendant Pindrop Security, Inc. ("Pindrop") (collectively, "Defendants") violated Illinois' Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, by "collecting, possessing, redisclosing, profiting from, and failing to safeguard [Plaintiffs'] biometric identifiers and biometric information" – specifically, their "voiceprints" – without complying with BIPA's notice and consent requirements.  (*See, e.g.*, Compl. ¶¶ 1–2, 61–66.) (A copy of the Complaint and Summons served on AWS is attached hereto as **Exhibit A**.)

1

2. AWS was served on December 18, 2019. (*Id.*) Removal is timely because this notice is filed within 30 days of service of the Complaint and Summons. *See* 28 U.S.C. § 1446(b)(1).

3. Removal to this Court is proper because the United States District Court for the Southern District of Illinois is the District Court of the United States for the district and division embracing the Circuit Court of Madison County, Illinois. 28 U.S.C. § 93(c).

4. In their Complaint, Plaintiffs allege (but AWS does not concede) that "AWS offers cloud storage services," "Pindrop offers voice biometric services," and that "Pindrop's voiceprint services are used by call centers and customer service personnel to confirm the identity of individual callers." (Compl. ¶ 38–39, 45.) Plaintiffs further allege that, through AWS's "Amazon Connect" service, "AWS possesses and stores a variety of types of customer data," including "biometric identifiers and biometric information for its customers." (Compl. ¶¶ 46–49.) Plaintiffs claim that they "called John Hancock customer service representatives and/or call center(s) on numerous occasions," that "John Hancock's call center(s) use Amazon Connect with Pindrop biometric voiceprint authentication," and that "Defendants have upon information and belief collected, captured, obtained, and possessed the biometric information and biometric identifiers of Plaintiffs" and "profited from the use of Plaintiffs' biometric information" in alleged violation of BIPA. (Compl. ¶¶ 67, 76–77.)

5. Plaintiffs assert that Defendants violated BIPA by: (1) "possessing Plaintiffs' . . . biometric information without creating and following a written policy," in alleged violation of 740 ILCS 14/15(a), (Compl. ¶ 90); (2) collecting Plaintiffs' biometrics "without first informing Plaintiffs . . . that [Defendants] were collecting this information" and "without first obtaining written consent," in alleged violation of 740 ILCS 14/15(b), (Compl. ¶¶ 95–97); (3) "profiting from the

possession of Plaintiffs' . . . biometric identifiers and biometric information," in alleged violation of 740 ILCS 14/15(c), (Compl. ¶ 102); (4) "disclosing, redisclosing, and disseminating Plaintiffs' . . . biometric identifiers and biometric information . . . without consent," in alleged violation of 740 ILCS 14/15(d), (Compl. ¶ 107); and (5) "failing to store, transmit, and protect [Plaintiffs'] biometric identifiers and biometric information in a manner the same as or more protective than the manner in which Defendants store, transmit, and protect other confidential and sensitive information," in alleged violation of 740 ILCS 14/15(e), (Compl. ¶ 113.)

6. Plaintiffs seek to represent a putative class defined as follows: "[a]ll Illinois citizens who placed one or more phone calls to, or received one or more phone calls from, an entity using Amazon Connect and Pindrop's voice authentication and/or fraud detection technology, from December 17, 2014 until present."  (Compl. ¶ 81.)

7. On behalf of themselves and the putative class, Plaintiffs seek: (1) injunctive relief in the form of an order "enjoining Defendants from further violating BIPA"; (2) "actual damages caused by Defendants' BIPA violations"; (3) "statutory damages of $5,000 for each intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1)"; and (4) "reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3)."  (Compl. at pp. 18–19.)

8. This putative class action is subject to this Court's jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), because minimal diversity exists and the amount in controversy exceeds $5,000,000.

I. **Removal Is Proper Under The Class Action Fairness Act ("CAFA").**

9. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d).  CAFA amended 28 U.S.C. § 1332 to grant U.S. district courts original jurisdiction over

3

"any civil action" in which: (a) the aggregate number of members in the proposed class is 100 or more; (b) the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (c) "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B).

      **A.**     **This Matter is a "Class Action" Under CAFA.**

10. Plaintiffs purport to represent a "class" of individuals. (*See* Compl. ¶¶ 81–88.) Therefore, this action is properly considered a "class action" under CAFA. *See* 28 U.S.C. § 1332(d)(1)(B).

11. The putative class action described in the Complaint satisfies the requirements of CAFA. While the precise number of individuals in the class cannot be determined until discovery, Plaintiffs allege that "[t]he Class includes thousands of people." (Compl. ¶ 82.) *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017) ("[Defendant] may rely on the estimate of the class number set forth in the complaint.").

      **B.**     **The Minimal Diversity Requirement is Met.**

12. Plaintiffs are residents of Madison, Lake, and Cook Counties and citizens of the State of Illinois. (Compl. ¶¶ 21–23.)

13. A corporation is "a citizen of every [s]tate . . . by which it has been incorporated and of the [s]tate . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). AWS is a "Delaware corporation," (Compl. ¶ 25), with its headquarters and principal place of business in Seattle, Washington, making AWS a citizen of Delaware and Washington for purposes of minimal diversity.

4

14. Therefore, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A). *See e.g.*, *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965–66 (7th Cir. 2016) (minimal diversity existed under CAFA when the class representatives were Illinois citizens and the defendant was a Delaware corporation with its principal place of business in Arizona).

15. Consent of co-defendant Pindrop is not required under 28 U.S.C. § 1332(d). *See* 28 U.S.C. § 1453(b).

### C. The "Matter in Controversy" Aggregated Across All of the Class Members' Claims Meets the CAFA Threshold.

16. The amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA expressly requires that "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

17. AWS's burden to demonstrate the amount in controversy is low and need show only that there is "a reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). Indeed, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (citation omitted).

18. AWS denies the validity and merit of Plaintiffs' claims, the legal theories upon which they are based, and that Plaintiffs are entitled to any alleged claims for monetary and other relief. Solely for purposes of removal, however, and without conceding that Plaintiffs or the putative class are entitled to damages, the aggregated claims of the putative class establish, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

19. Plaintiffs allege "reckless" violations of BIPA, (*see, e.g.*, Compl. ¶¶ 92, 99, 104, 109), which carry statutory damages of $5,000 per violation. 740 ILCS 14/20. Plaintiffs also allege at least five separate BIPA "violations" in Counts I–V. (Compl. ¶¶ 89–114.) Based purely on the Complaint's allegations (which AWS denies), and assuming an aggregate class size of only 1,000 (far less than the alleged class size of "thousands of people," (Compl. ¶ 82)), if each class member is entitled to recover for only five "violations," recovery of greater than the $5,000,000 jurisdictional threshold is not "legally impossible" (*i.e.*, 1,000 class members x $5,000 statutory damages x 5 violations = $25,000,000).[1] *See Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008).

## II. Article III Standing Exists In This Court.

20. Standing exists in this case under Article III of the U.S. Constitution, as the Seventh Circuit has held that where privacy rights are concerned, "the dissemination to a third party of information in which a person has a right to privacy is a sufficiently concrete injury for standing purposes." *Dixon v. Washington & Jane Smith Cmty.-Beverly*, No. 17 C 8033, 2018 WL 2445292, at *10 (N.D. Ill. May 31, 2018) (citing *Gubala v. Time Warner Cable, Inc.*, 846 F.3d 909, 911–12 (7th Cir. 2017)).

21. Here, Plaintiffs allege that their biometrics were "disseminated," and Defendants and "their corporate customers . . . 'disclose, redisclose, and disseminate' to and between each other the biometric information and biometric identifiers of callers." (Compl. ¶¶ 3, 63, 79, 107); *see Dixon*, 2018 WL 2445292, at *9 ("The allegation that [defendant] disclosed [plaintiff's] fingerprint data to [a third party] without informing her distinguishes this case from others in which alleged violations of BIPA were determined insufficiently concrete to constitute an injury in fact for standing purposes."); *see also McGinnis v. United States Cold Storage, Inc.*, No. 19 C 00845,

---

[1] AWS includes this amount in controversy based solely on the Complaint's allegations and does not concede Plaintiffs' allegations are correct.

2019 WL 7049921, at *3 (N.D. Ill. Dec. 23, 2019) (remanding BIPA case due to lack of Article III standing where, unlike here, plaintiff did not claim "that the disclosure subjected his biometric information to a heightened risk of identity theft now that it has been disclosed"); (Compl. ¶ 1) ("Defendants . . . fail[ed] to safeguard [Plaintiffs'] biometric identifiers and biometric information."); (Compl. ¶ 3) ("[Plaintiffs'] biometric data has . . . been collected and disseminated, thereby materially decreasing the security to this intrinsically inalterable information, and substantially increasing the likelihood that they will suffer as victims of fraud and/or identity theft in the future.").

22. Pursuant to 28 U.S.C. § 1446(d), AWS will promptly provide written notice of removal of this action to Plaintiffs and Pindrop, and will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Madison County, Illinois.

23. AWS submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs and without conceding either the Complaint's allegations or that Plaintiffs pled claims upon which relief can be granted.

Dated: January 8, 2020

Respectfully submitted,

**AMAZON WEB SERVICES, INC.**

By: /s/*Jennifer L. Maloney*
Jennifer L. Maloney
BAKER STERCHI COWDEN & RICE LLC
100 North Broadway, 21st Floor
St. Louis, MO 63102
Tel. 314.345.5076
Fax 314.345.5055
jmaloney@bscr-law.com

By: */s/ Elizabeth B. Herrington*
Elizabeth B. Herrington
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Dr.
Chicago, IL 60601-5094
Tel. 312.324.1445
Fax 312.324.1001
Beth.Herrington@morganlewis.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of January, 2020, I caused a copy of the foregoing Notice of Removal to be filed through the Court's CM/ECF System and served the below Counsel of Record via First Class U.S. Mail and electronic mail:

Jerome J. Schlichter
Andrew D. Schlichter
Alexander L. Braitberg
Brett Rismiller
SCHLICHTER BOGARD & DENTON LLP
100 S. Fourth St., Ste. 1200
St. Louis, Missouri 63102
Tel. 314.621.6115
Fax 314.621.5934
jschlichter@uselaws.com
aschlichter@uselaws.com
abraitberg@uselaws.com
brismiller@uselaws.com

*Counsel for Plaintiffs*

　　　　　　　　　　　　　　　　　　　　*/s/ Jennifer L. Maloney*
　　　　　　　　　　　　　　　　　　　　Jennifer L. Maloney