# EXHIBIT A



null / ALL
**Transmittal Number: 20856885**
**Date Processed: 12/18/2019**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Ms. Lynn Radliff<br>Amazon.Com, Inc.<br>440 Terry Ave N<br>Seattle, WA 98109-5210 |
| **Electronic copy provided to:** | Rochelle Lewis<br>Scotty Bauder<br>Kaitlyn Bunker<br>Rebecca Hartley<br>Kimberly Thomas<br>Lizette Fernandez<br>Theresa Nixon<br>Karen Curtis<br>Lynn Foley-Jefferson<br>Joell Parks<br>Gianmarco Vairo<br>Christine Schram<br>Stephen Swisher<br>Vivian Ching<br>Sara Rawson<br>Michelle King<br>Annamaria Taskai<br>Maria Catana<br>Eugide Matondo<br>Jesse Jensen |

| | |
|---|---|
| **Entity:** | Amazon Web Services, Inc.<br>Entity ID Number  2684737 |
| **Entity Served:** | Amazon Web Services, Inc. |
| **Title of Action:** | Christine McGoveran vs. Amazon Web Services, Inc. |
| **Matter Name/ID:** | Christine McGoveran vs. Amazon Web Services, Inc. (9864095) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Madison County Circuit Court, IL |
| **Case/Reference No:** | 2019L 001786 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 12/18/2019 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Jerome J. Schlichter<br>314-621-6115 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT<br>Madison \_\_\_\_\_ COUNTY | **SUMMONS** | *For Court Use Only* |
|---|---|---|

| **Instructions ▼** | |
|---|---|
| Enter above the county name where the case was filed. | Christine McGoveran, Joseph Valentine, and Amelia Rodriguez, on behalf of themselves and all other persons similarly situated, known and unknown, |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter the names of all people you are suing as Defendants/Respondents. | v. |
| Enter the Case Number given by the Circuit Clerk. | Amazon Web Services, Inc. and Pindrop Security, Inc.<br>**Defendant / Respondent** *(First, middle, last name)* |

**2019L 001786**

**Case Number**

| In **1**, if your lawsuit is for money, enter the amount of money you seek from the Defendant/Respondent. | 1. **Information about the lawsuit:**<br>Amount claimed: $ In excess of $50,000 |
|---|---|
| In **2**, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form. | 2. **Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last):*  Christine McGoveran<br>Street Address, Apt #:  100 South Fourth Street, Ste. 1200<br>City, State, ZIP:  St. Louis, MO 63102<br>Telephone:  (314) 621-6115<br>☐ See attached for additional Plaintiff/Petitioner contact information |
| In **3**, enter the name of the person you are suing and their address.<br>If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form. | 3. **Contact information for the Defendant/Respondent:**<br>Name *(First, Middle, Last):*  Amazon Web Services, Inc. c/o Illinois Corporation Service<br>Street Address, Apt #:  801 Adlai Stevenson Drive<br>City, State, ZIP:  Springfield, IL 62703<br>Telephone:  (217) 492-2700<br>☒ See attached for additional Defendant/Respondent contact information |

**Important Information for the person receiving this form:**

You have been sued.
Follow the instructions on the next page on how to appear/answer.
- If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking.
- Your written appearance/answer must be filed on time and in the proper form.
- Forms for a written appearance/answer are available here: http://www.illinoiscourts.gov/forms/approved/default.asp

If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees.*
You should read all of the documents attached.

DEC 1 8 2019

Enter the Case Number given by the Circuit Clerk:_____

**4.** **Instructions for person receiving this form (Defendant/Respondent):**

> In 4, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/Respondent must file their response.

To respond to this *Summons* you must:

☐ Go to court:

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____ Court Room: _____

City, State, ZIP: _____

☐ File a written *Appearance* and *Answer/Response* with the court:

On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☒ File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: **155 N MAIN ST., EDWARDSVILLE IL**

> **STOP!**
> The Circuit Clerk will fill in this section.

**Witness this Date:** 12/18/2019

_____

/s/ Mark Von Nida    Clerk of the Circuit Court

**Clerk of the Court:** _____

> **STOP!**
> The officer or process server will fill in the Date of Service.

**This *Summons* must be served within 30 days of its date, listed above.**

Date of Service: _____

*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)*

| **Plaintiff/Petitioner:** | To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process. |
|---|---|

| **Attention:** | E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office. |
|---|---|

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT | AFFIDAVIT OF SERVICE OF SUMMONS AND COMPLAINT/PETITION | *For Court Use Only* |
|---|---|---|
| Madison_____ COUNTY | | |

| Instructions | |
|---|---|
| Enter above the county name where the case was filed. | Christine McGoveran, Joseph Valentine, and Amelia Rodriguez, on behalf of themselves and all other persons similarly situated, known and unknown, |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter the name of the person you are suing as Defendant/Respondent. | v.  Amazon Web Services, Inc. and Pindrop Security, Inc. |
| Enter the Case Number given by the Circuit Clerk. | **Defendant / Respondent** *(First, middle, last name)*  **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

| DO NOT complete this section. The sheriff will complete it. |
|---|

My name is _____ and I swear under oath
*First, Middle, Last*

that I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ as follows:
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:
Male: ☐   Female: ☐   Approx. Age: _____   Hair Color: _____
Height: _____   Weight: _____
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

☐ At the Defendant/Respondent's home:
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____
And left it with: _____
*First, Middle, Last*
Male: ☐   Female: ☐   Approx. Age: _____
and by sending a copy to this defendant in a postage-paid, sealed envelope to the
above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
*First, Middle, Last*
On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.
Address: _____
City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk:_____

| **DO NOT** complete this section. The sheriff, or private process server will complete it. |
|---|

**By:**

_____
*Signature*

_____
*Print Name*

**FEES**

By certified/registered     $ _____

Service and Return          $ _____

Miles: _____      $ _____

Total     $ _____

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Madison _____ COUNTY | ADDITIONAL<br>PLAINTIFF/PETITIONER CONTACT<br>INFORMATION FOR SUMMONS | For Court Use Only |
|---|---|---|
| **Instructions**<br>Enter above the county name where the case was filed. | Christine McGoveran, Joseph Valentine, and Amelia Rodriguez, on behalf of themselves and all other persons similarly situated, known and unknown, | |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter the name of the person you are suing as Defendant/ Respondent. | v. | |
| Enter the Case Number given by the Circuit Clerk. | Amazon Web Services, Inc. and Pindrop Security, Inc.<br>**Defendant / Respondent** *(First, middle, last name)* | **Case Number** |

Enter the contact information for additional Plaintiff/Petitioner.

**Contact information for the Plaintiff/Petitioner:**

Name *(First, Middle, Last)*:  Joseph Valentine

Street Address, Apt #:   100 South Fourth Street, Ste. 1200

City, State, ZIP:   St. Louis, MO 63102

Telephone:  (314) 621-6115

**Contact information for the Plaintiff/Petitioner:**

Name *(First, Middle, Last)*:  Amelia Rodriguez

Street Address, Apt #:   100 South Fourth Street, Ste. 1200

City, State, ZIP:   St. Louis, MO 63102

Telephone:  (314) 621-6115

**Contact information for the Plaintiff/Petitioner:**

Name *(First, Middle, Last)*: _____

Street Address, Apt #: _____

City, State, ZIP: _____

Telephone: _____

**Contact information for the Plaintiff/Petitioner:**

Name *(First, Middle, Last)*: _____

Street Address, Apt #: _____

City, State, ZIP: _____

Telephone: _____

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Madison _____ COUNTY | ADDITIONAL DEFENDANT/RESPONDENT CONTACT INFORMATION FOR SUMMONS | For Court Use Only |
|---|---|---|

| **Instructions** | Christine McGoveran, Joseph Valentine, and Amelia Rodriguez, on behalf of themselves and all other persons similarly situated, known and unknown, | |
|---|---|---|
| Enter above the county name where the case was filed. | | |
| Enter your name as Plaintiff/Petitioner. | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter the name of the person you are suing as Defendant/ Respondent. | v.<br><br>Amazon Web Services, Inc. and Pindrop Security, Inc. | |
| Enter the Case Number given by the Circuit Clerk. | **Defendant / Respondent** *(First, middle, last name)* | **Case Number** |

Enter the contact information for additional Defendant/ Respondent.

**Contact information for the Defendant/Respondent:**

Name *(First, Middle, Last)*:  Pindrop Security , Inc., c/o Illinois Corporation Service

Street Address, Apt #:  801 Adlai Stevenson Drive

City, State, ZIP:  Springfield, IL 62703

Telephone:  (217) 492-2700

**Contact information for the Defendant/Respondent:**

Name *(First, Middle, Last)*: _____

Street Address, Apt #: _____

City, State, ZIP: _____

Telephone: _____

**Contact information for the Defendant/Respondent:**

Name *(First, Middle, Last)*: _____

Street Address, Apt #: _____

City, State, ZIP: _____

Telephone: _____

**Contact information for the Defendant/Respondent:**

Name *(First, Middle, Last)*: _____

Street Address, Apt #: _____

City, State, ZIP: _____

Telephone: _____

***EFILED***
Case Number 2019L 001786
Date: 12/17/2019 6:09 PM
Mark Von Nida
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

**IN THE CIRCUIT COURT**
**THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY, ILLINOIS**

CHRISTINE MCGOVERAN, JOSEPH )
VALENTINE, and AMELIA RODRIGUEZ,)
on behalf of themselves and all other )
persons similarly situated, known )
and unknown, )
                       )
          Plaintiffs, )
                       )
v. )
                       )
AMAZON WEB SERVICES, INC. and )
PINDROP SECURITY, INC., )
                       )
         Defendants. )
                       )

2019L 001786

Case No.:

Judge:

**JURY TRIAL DEMANDED**

**CLASS ACTION COMPLAINT**

Plaintiffs Christine McGoveran, Joseph Valentine, and Amelia Rodriguez, ("Plaintiffs"),

individually and on behalf of all other persons similarly situated, bring this class action lawsuit

for violations of the Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*. ("BIPA"), against

Defendants Amazon Web Services, Inc. and Pindrop Security, Inc. Plaintiffs allege the following

facts based upon personal knowledge, investigation by retained counsel, and on information and

belief.

**I.**    **Nature of the Action**

    1.    Plaintiffs allege that Defendants Pindrop Security, Inc. and Amazon Web

Services, Inc. ("Defendants") violated BIPA by collecting, possessing, redisclosing, profiting

from, and failing to safeguard their biometric identifiers and biometric information.

    2.    Plaintiffs seek to represent a class of individuals who made one or more phone

calls to or received one or more phone calls from call centers, customer service representatives

and/or other entities using services offered by Amazon Web Services, Inc., and had their

voiceprints collected, stored, and/or used by Defendants, including through the use of Pindrop's

voice authentication technology.

3.      Plaintiffs have suffered actual damage, as more fully described herein, because

their biometric data has upon information and belief been collected and disseminated, thereby

materially decreasing the security of this intrinsically inalterable information, and substantially

increasing the likelihood that they will suffer as victims of fraud and/or identity theft in the

future.

4.      Plaintiffs seek actual damages in addition to statutory damages, as provided below

in the Prayer for Relief.

5.      The remedies Plaintiffs seek are remedial, and not penal, in nature.

**II.      The Biometric Information Privacy Act**

6.      BIPA was enacted in 2008 in order to safeguard biometric information as the

result of the "very serious need [for] protections for the citizens of Illinois when it [comes to

their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276.  BIPA is

codified as Act 14 in Chapter 740 of the Illinois Compiled Statutes.

7.      As set forth in BIPA, biologically unique identifiers, such as voiceprint

information, cannot be changed. 740 ILCS 14/5(c). As is likewise set forth in BIPA, the

inalterable nature of biologically unique identifiers presents a heightened risk when biometric

information is not protected in a secure and transparent fashion. 740 ILCS 14/5(d)–(g).

8.      As a result of the need for enhanced protection of biometric information, BIPA

imposes various requirements on private entities that collect or maintain individuals' biometric

information, including voiceprints.

2

9.      Among other things, BIPA seeks to regulate "the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information." 740 ILCS 14/5(g).

10.     BIPA applies to entities that interact with two forms of biometric data: biometric "identifiers" and biometric "information." 740 ILCS 14/15(a)–(e).

11.     A "biometric identifier" is defined by BIPA as "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10.

12.     "Biometric information" is defined by BIPA as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual." *Id.* This definition helps ensure that information based on a biometric identifier that can be used to identify a person is covered by BIPA.

A.      **Collecting, capturing, or otherwise obtaining biometric data.**

13.     BIPA imposes three requirements that must be satisfied before any private entity may "collect, capture . . . or otherwise obtain" biometric information:

(a)     First, the private entity must inform the individual in writing that the individual's biometric information is being collected or stored. 740 ILCS 14/15(b)(1).

(b)     Second, the private entity must inform the individual in writing of the purpose and length of time for which their biometric information is being collected, stored, and used. 740 ILCS 14/15(b)(2).

(c)     Finally, the private entity must receive a written release executed by the individual. 740 ILCS 14/15(b)(3).

3

14.    BIPA defines a "written release," outside the employment context, to mean "informed written consent." 740 ILCS 14/10.

**B.    Retention schedule for maintaining biometric data.**

15.    BIPA requires that any private entity in possession of biometric data develop a public, written policy "establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information." 740 ILCS 14/15(a).

16.    BIPA requires that this public, written policy include information about how the entity will destroy the biometric data upon fulfilling the purpose for its collection or within three years, whichever is later. *Id.*

**C.    Prohibition on profiting from biometric data.**

17.    BIPA forbids any private entity in possession of a biometric identifier or biometric information from "profit[ing]" from that data. 740 ILCS 14/15(c).

**D.    Restrictions on dissemination of biometric data.**

18.    BIPA prohibits the "disclos[ure], redisclos[ure], or other[] disseminat[ion]" of biometric data without consent, unless the "disclosure or redisclosure completes a financial transaction" that is requested or authorized by the individual, is required by law, or is required in order to comply with a valid warrant or subpoena. 740 ILCS 14/15(d).

**E.    Standard of care for protection of biometric data.**

19.    BIPA requires that any private entity in possession of biometric data "store, transmit, and protect from disclosure all biometric identifiers and biometric information using the reasonable standard of care within the private entity's industry[.]" 740 ILCS 14/15(e)(1).

20.    In addition, BIPA requires that any private entity in possession of biometric data "store, transmit, and protect from disclosure all biometric identifiers and biometric information

4

in a manner that is the same as or more protective than the manner in which the private entity

stores, transmits, and protects other confidential and sensitive information." 740 ILCS

14/15(e)(2).

**III.    Parties**

21.    Plaintiff Christine McGoveran is a resident of Wood River in Madison County,

Illinois.

22.    Plaintiff Joseph Valentine is a resident of Antioch in Lake County, Illinois.

23.    Plaintiff Amelia Rodriguez is a resident of Chicago in Cook County, Illinois.

24.    Plaintiffs have upon information and belief made phone calls to a call center,

customer service representative and/or other entity that uses services provided by Defendant

Amazon Web Services ("AWS"), and had their biometric identifiers and biometric information

collected, stored, and/or used by Defendants, as more fully described herein.

25.    Defendant AWS is a Delaware corporation that is registered to and does conduct

business throughout Illinois and in Madison County.

26.    AWS is a "private entity" under the meaning of BIPA. *See* 740 ILCS 14/10.

27.    Defendant Pindrop Security, Inc. ("Pindrop") is a Delaware corporation that is

registered to and does conduct business throughout Illinois and in Madison County.

28.    Pindrop is a "private entity" under the meaning of BIPA. *See* 740 ILCS 14/10.

**IV.    Jurisdiction and Venue**

29.    This Court has personal jurisdiction over Defendant AWS because during the

relevant period of time, Defendant AWS was registered to do business in Illinois, has conducted

business in Illinois, committed the violations alleged in this Complaint in Illinois, and has

5

purposefully availed itself of the laws of Illinois for the specific transactions and occurrences at issue.

30.     This Court has personal jurisdiction over Defendant Pindrop because, during the relevant period of time, Defendant Pindrop was registered to do business in Illinois, has conducted business in Illinois, committed the violations alleged in this Complaint in Illinois, and has purposefully availed itself of the laws of Illinois for the specific transactions and occurrences at issue.

31.     Madison County is an appropriate venue for this litigation because Defendants do business in Madison County, and are therefore residents of Madison County. 735 ILCS 5/2-102.

32.     In addition, the transactions and occurrences out of which the causes of action pleaded herein arose occurred in part in Madison County.

## V.     <u>Background</u>

### A.     <u>Defendants' collection, storage, and/or use of biometric information.</u>

33.     Voice biometrics—also known as voiceprinting—uses biological characteristics to verify an individual's identify.

34.     For example, voice biometrics may be used to confirm the identity of a caller to a customer service agent or a call center.

35.     Operators of call centers and/or customer service operations may, for various reasons, desire to avoid authenticating callers using traditional methods, such as the use of a passcode or answers to secret questions, and instead choose to authenticate callers using voice biometrics, including voiceprints.

36.     When a passcode is used as a security measure, in the event of a data breach an individual may simply change the passcode to prevent unauthorized access to the individual's

6

compromised account. By contrast, when call centers or customer service personnel use voice biometrics for authentication, in the event of a data breach there is nothing an individual can do to prevent someone from using the individual's voice biometrics to gain unauthorized access to the compromised account.

37.     The global voice biometrics market size is expected to grow dramatically— according to one source, from $984 million in 2019 to $2.8 billion by 2024.[1]

38.     Pindrop offers voice biometric services.

39.     Pindrop's voiceprint services are used by call centers and customer service personnel to confirm the identity of individual callers.

40.     Pindrop advertises products and services that "confirm[] the identify of the speaker by voice."[2]

41.     Pindrop describes its software as being able to "authenticate callers" by "extracting . . . intelligence from every call encountered."[3]

42.     Pindrop's "Deep Voice" product uses "biometrics" to "identify[] and analyz[e]" repeat callers."[4]

43.     Similarly, Pindrop's "Phoneprinting" product analyzes call audio to "create a distinctive identifier for each caller."[5]

44.     Pindrop charges fees for and profits from the voiceprint products and services it offers, including those described herein.

---

[1] https://www.prnewswire.com/news-releases/voice-biometrics-market-worth-2-845-million-by-2024---exclusive-report-by-marketsandmarkets-300842635.html(last visited December 17, 2019).
[2] https://www.pindrop.com (last visited December 17, 2019).
[3] Amazon Connect Pindrop Integration Guide, avail. at https://aws.amazon.com/quickstart/connect/pindrop/, at 3 (last visited December 17, 2019).
[4] https://www.pindrop.com/technologies/deep-voice/ (last visited December 17, 2019).
[5] https://www.pindrop.com/resources/video/video/about-phoneprinting-technology/ (last visited December 17, 2019).

7

45.    AWS offers cloud storage services, offering its customers the ability to store their data, access their data remotely, and create backup copies of data.

46.    AWS also offers call center services under the brand "Amazon Connect."

47.    Amazon Connect is a "cloud-based contact center service."[6]

48.    In connection with Amazon Connect, AWS possesses and stores a variety of types of customer data.

49.    Upon information and belief, AWS obtains and stores biometric identifiers and biometric information for its customers.

50.    AWS advertises that Amazon Connect is capable of "integrat[ing] with a broad set of AWS tools and infrastructure[.]"[7]

51.    AWS and Pindrop publicly advertise the availability of a Pindrop "integration with Amazon Connect[.]"[8]

52.    Pindrop, in a November 27, 2017 press release, touted that it was "one of the first" partners with AWS in launching the "new Amazon Connect offering."[9] Further, Pindrop asserted that its integration with Amazon Connect was "native."[10]

53.    AWS charges fees for and profits from its Amazon Connect services.

54.    AWS profits from offering Pindrop's voiceprint services in conjunction with its Amazon Connect services.

---

[6] https://aws.amazon.com/about-aws/whats-new/2017/03/introducing-amazon-connect/ (last visited December 17, 2019).
[7] Id.
[8] Amazon Connect Pindrop Integration Guide, avail. at https://aws.amazon.com/quickstart/connect/pindrop/, at 1 (last visited December 17, 2019). This document while branded with Pindrop logos also is marked as "copyright © 2017 Amazon Web Services, Inc., and/or its affiliates." Id. at 3.
[9] https://www.businesswire.com/news/home/20171127005113/en/Amazon-Connect-Certifies-Pindrops-Security-Authentication-Technology (last visited December 17, 2019)..
[10] Id.

55.     AWS advertises Pindrop integration as a selling point and added value for Amazon Connect customers.

56.     AWS uses Pindrop integration to distinguish AWS's call center services from the call center services offered by AWS's competitors.

57.     AWS and Pindrop describe this integration, among other ways, with the following diagram:



58.     Pindrop describes the above figure as a "[d]ataflow diagram of Pindrop architecture within Amazon Connect."[11]

59.     This diagram demonstrates that audio from incoming calls to call centers, such as those Plaintiffs contacted, is sent to Pindrop for processing. The output from that processing is returned to AWS's servers.[12]

60.     At minimum, this demonstrates that when Pindrop's services are integrated with an Amazon Connect implementation, AWS collects and possesses "biometric information" as defined by BIPA.

_____

[11] Amazon Connect Pindrop Integration Guide, available at https://aws.amazon.com/quickstart/connect/pindrop/, at 1 (last visited November 25, 2019).
[12] Id.

9

61.     However, Defendants fail to obtain informed written consent prior to collecting this biometric information as required by BIPA Section 14/15 (b).

62.     Further, upon information and belief, Defendants have not made available to the public a written policy establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information, as required by BIPA Section 14/15 (a).

63.     Upon information and belief, AWS, Pindrop, and their corporate customers also "disclose, redisclose, and disseminate" to and between each other the biometric information and biometric identifiers of callers. *See* BIPA Section 14/15 (d).

64.     However, Defendants do not obtain consent for this disclosure, redisclosure and dissemination, as required by BIPA Section 14/15 (d).

65.     In addition, Defendants profit from the use of biometric data, in violation of BIPA Section 14/15(c).

66.     Finally, on information and belief, Defendants fail to apply the industry standard of care in storing, transmitting, and protecting from disclosure biometric data, and fail to apply a standard of care which is the same as or more protective than the manner in which they protect other confidential information, including, but not limited to healthcare data, in violation of BIPA Section 14/15(e).

**B.     Plaintiffs' experiences with Defendants' call centers.**

67.     Plaintiffs called John Hancock customer service representatives and/or call center(s) on numerous occasions.

68.     For example, Plaintiff Christine McGoveran has called John Hancock call center(s) and/or customer service representatives on several occasions, including twice in April and June of 2019.

69.     Similarly, Plaintiff Joseph Valentine called John Hancock call center(s) and/or customer service representatives on multiple occasions.

70.     Likewise, Plaintiff Amelia Rodriguez has called John Hancock call center(s) and/or customer service representatives on more than one dozen occasions in recent years, most recently in November 2019.

71.     John Hancock's call center(s) use Amazon Connect with Pindrop biometric voiceprint authentication.

72.     Because John Hancock's call center(s) use this technology, they "no longer require[] customers to have a pin for authentication."[13] Instead they use Pindrop's "voice biometrics" to authenticate callers.[14]

73.     On information and belief, AWS and Pindrop apply their voice biometric technology to every caller to John Hancock's call center(s).

74.     When Amazon Connect receives a call from an Illinois citizen, Defendants do not inform these Illinois callers that their biometric information and biometric identifiers are being collected and stored.

75.     Defendants do not obtain consent from callers to these call centers, in any form, prior to collecting and storing their voiceprints, let alone obtain written, informed consent, as required by BIPA.

---

[13] "Why John Hancock Uses Salesforce & Amazon Connect for its Call Center," available at.
https://www.salesforce.com/products/service-cloud/resources/john-hancock-contact-center/ (last visited December 17, 2019).
[14] *Id.*

11

76.     Further, contrary to the requirements of BIPA, neither AWS nor Pindrop have developed any written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information.

77.     Defendants have upon information and belief collected, captured, obtained, and possessed the biometric information and biometric identifiers of Plaintiffs in violation of BIPA.

78.     Defendants have upon information and belief profited from the use of Plaintiffs' biometric information, in violation of BIPA.

79.     Defendants have upon information and belief disseminated, between each other and their call center clients, the biometric data of Plaintiffs, regardless of whether such dissemination was required in order to complete a financial transaction or was required by law, in violation of BIPA.

80.     On information and belief, Defendants also failed to use reasonable standards of care in storing, transmitting and protecting from disclosure Plaintiffs' biometric information and biometric identifiers, including by failing to treat Plaintiffs' biometric data with the same degree of care they applied to other confidential data, such as healthcare data.

## VI.     Class Allegations

81.     Plaintiffs seek to represent the following class (the "Class") of similarly situated individuals:

> All Illinois citizens who placed one or more phone calls to, or received one or more phone calls from, an entity using Amazon Connect and Pindrop's voice authentication and/or fraud detection technology, from December 17, 2014 until present.

82.     Numerosity. The Class includes thousands of people, such that it is not practicable to join all Class members into one lawsuit.

83.     Ascertainability. The identity of Class members is ascertainable and identifiable

based on Defendants' records.

84.     Commonality. The issues involved with this lawsuit present common questions of

law and fact, including:

- whether Defendants collected and/or possessed the Class's "biometric identifiers" or "biometric information";

- whether Defendants properly informed Class members that it captured, collected, used, and stored their biometric identifiers and/or biometric information;

- whether Defendants obtained "informed written consent" (740 ILCS 14/10) to capture, collect, use, and store Class members' biometric identifiers and/or biometric information;

- whether Defendants developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and/or biometric information;

- whether Defendants disseminated Class members' biometric identifiers and/or biometric information;

- whether Defendants profited from Class members' biometric identifiers and/or biometric information;

- whether Defendants used Class members' biometric identifiers and/or biometric information to identify them; and

- whether Defendants' violations of BIPA were committed recklessly or negligently.

85.     Predominance. These common questions of law and fact predominate over any

individual issue that may arise on behalf of an individual Class member.

86.     Typicality. Plaintiffs, the members of the Class, and Defendants have a

commonality of interest in the subject matter of the lawsuit and the remedy sought.

87.     Adequacy. Plaintiffs and counsel will fairly and adequately protect the interests of

Class members. Plaintiffs' counsel, Schlichter Bogard & Denton, LLP, will fairly and adequately

represent the interests of the Class. Schlichter Bogard & Denton, LLP has a well-documented

track record of serving as class counsel in this State and elsewhere. Schlichter Bogard &

Denton's pioneering work in class actions brought on behalf of citizens of this State and others

has been covered by numerous national publications, including the New York Times and Wall

Street Journal, among other media outlets. By way of limited example, courts in this State have

noted in reference to the work of Schlichter Bogard & Denton, LLP in class action litigation:

- "This Court is unaware of any comparable achievement of public good by a private lawyer in the face of such obstacles and enormous demand of resources and finance." Order on Attorney's Fees, *Mister v. Illinois Central Gulf R.R.*, No. 81-3006 (S.D. Ill. 1993).

- "This Court finds that Mr. [Jerome J.] Schlichter's experience, reputation and ability are of the highest caliber. Mr. Schlichter is known well to the District Court Judge and this Court agrees with Judge Foreman's review of Mr. Schlichter's experience, reputation and ability." Order on Attorney's Fees, *Wilfong v. Rent-A-Center*, No. 0068-DRH (S.D. Ill. 2002).

- "Class Counsel performed substantial work . . . investigating the facts, examining documents, and consulting and paying experts to determine whether it was viable. This case has been pending since September 11, 2006. Litigating the case required Class Counsel to be of the highest caliber and committed to the interests of the [class]." *Will v. General Dynamics*, No. 06-698, 2010 WL 4818174, at *2 (S.D. Ill. Nov. 22, 2010).

- "Schlichter, Bogard & Denton has achieved unparalleled results on behalf of its clients, . . . has invested . . . massive resources and persevered in the face of . . . enormous risks[.]" *Nolte v. Cigna Corp.*, No. 07-2046, 2013 WL 12242015, at *2 (C.D. Ill. Oct. 15, 2013).

- "Litigating this case against formidable defendants and their sophisticated attorneys required Class Counsel to demonstrate extraordinary skill and determination." *Beesley v. Int'l Paper Co.*, No. 06-703, 2014 WL 375432, at *2 (S.D. Ill. Jan. 31, 2014).

- "Schlichter, Bogard & Denton demonstrated extraordinary skill and determination in obtaining this result for the Class." *Abbott v. Lockheed Martin Corp.*, No. 06-701, 2015 WL 4398475, at *2 (S.D. Ill. July 17, 2015).

88.  Superiority. A class action is the appropriate vehicle for fair and efficient

adjudication of Plaintiffs' and Class members' claims because if individual actions were required

14

to be brought by each member of the Class, the result would be a multiplicity of actions, creating a hardship to the Class, to the Court, and to Defendants.

## COUNT I – VIOLATION OF 740 ILCS 14/15(a)

89.     Plaintiffs incorporate paragraphs 1 through 88 as though fully realleged herein.

90.     Defendants violated BIPA section 14/15(a) by possessing Plaintiffs' and Class members' biometric information, including voiceprints and related biometric information, without creating and following a written policy, made available to the public, establishing and following a retention schedule and destruction guidelines for their possession of biometric identifiers and information.

91.     Defendants' failure to adhere to the statutory requirements set forth herein constitutes negligent violation of BIPA.

92.     Pleading in the alternative, Defendants' failure to adhere to the statutory requirements set forth herein constitutes reckless violation of BIPA.

93.     Plaintiffs in this Count I hereby request the relief set forth in the Prayer for Relief below, and incorporated as though fully set forth herein.

## COUNT II – VIOLATION OF 740 ILCS 14/15(b)

94.     Plaintiffs incorporate paragraphs 1 through 93 as though fully realleged herein.

95.     Defendants violated BIPA section 14/15(b)(1) by capturing, collecting, and obtaining Plaintiffs' and Class members' biometric identifiers and biometric information, including voiceprints and related biometric information, without first informing Plaintiffs and Class members that they were collecting this information.

96.     Defendants violated BIPA section 14/15(b)(2) by capturing, collecting and obtaining Plaintiffs' and Class members' biometric identifiers and biometric information,

including voiceprints and related biometric information, without informing Plaintiffs and Class

members in writing of the purpose for the collection. Further, Defendants violated BIPA section

14/15(b)(2) by failing to inform Plaintiffs and Class members in writing of the length of time

Defendant would store and use Plaintiffs' and Class members' biometric identifiers and

biometric information, including voiceprints and related biometric information.

97.     Defendants violated BIPA section 14/15(b)(3) by capturing, collecting and

obtaining Plaintiffs' and Class members' biometric identifiers and biometric information,

including voiceprints and related biometric information, without first obtaining informed written

consent authorizing Defendants to capture or collect Plaintiffs' and Class members' biometric

identifiers and/or biometric information.

98.     Defendants' failure to adhere to the statutory requirements set forth herein

constitutes negligent violation of BIPA.

99.     Pleading in the alternative, Defendants' failure to adhere to the statutory

requirements set forth herein constitutes reckless violation of BIPA.

100.    Plaintiffs in this Count II hereby request the relief set forth in the Prayer for Relief

below, and incorporated as though fully set forth herein.

## <u>COUNT III – VIOLATION OF 740 ILCS 14/15(c)</u>

101.    Plaintiffs incorporate paragraphs 1 through 100 as though fully realleged herein.

102.    Defendants violated BIPA section 14/15(c) by profiting from the possession of

Plaintiffs' and Class members' biometric identifiers and biometric information, including

voiceprints and related biometric information.

103.    Defendants' failure to adhere to the statutory requirements set forth herein

constitutes negligent violation of BIPA.

104.    Pleading in the alternative, Defendants' failure to adhere to the statutory requirements set forth herein constitutes reckless violation of BIPA.

105.    Plaintiffs in this Count III hereby request the relief set forth in the Prayer for Relief below, and incorporated as though fully set forth herein.

### COUNT IV – VIOLATION OF 740 ILCS 14/15(d)

106.    Plaintiffs incorporate paragraphs 1 through 105 as though fully realleged herein.

107.    Defendants violated BIPA section 14/15(d) by disclosing, redisclosing, and disseminating Plaintiffs' and Class members' biometric identifiers and biometric information, including voiceprints and related biometric information, without consent, and despite that the disclosure, redisclosure, and dissemination was not necessary to complete any financial transaction requested or authorized by Plaintiffs and Class members.

108.    Defendants' failure to adhere to the statutory requirements set forth herein constitutes negligent violation of BIPA.

109.    Pleading in the alternative, Defendants' failure to adhere to the statutory requirements set forth herein constitutes reckless violation of BIPA.

110.    Plaintiffs in this Count IV hereby request the relief set forth in the Prayer for Relief below, and incorporated as though fully set forth herein.

### COUNT V – VIOLATION OF 740 ILCS 14/15(e)

111.    Plaintiffs incorporate paragraphs 1 through 110 as though fully realleged herein.

112.    Defendants violated BIPA section 14/15(e)(1) by possessing Plaintiffs' and Class members' biometric identifiers and biometric information, including voiceprints and related biometric information, but failing to store, transmit, and protect from disclosure these biometric

17

identifiers and biometric information while using a reasonable standard of care within Defendants' respective industries.

113. Defendants violated BIPA section 14/15(e)(2) by possessing Plaintiffs' and Class members' biometric identifiers and biometric information, including voiceprints and related biometric information, but failing to store, transmit, and protect these biometric identifiers and biometric information in a manner the same as or more protective than the manner in which Defendants store, transmit, and protect other confidential and sensitive information, including, but not limited to healthcare data.

114. Plaintiffs in this Count V hereby request the relief set forth in the Prayer for Relief below, and incorporated as though fully set forth herein.

<strong>PRAYER FOR RELIEF</strong>

WHEREFORE, Plaintiffs, on behalf of themselves and the proposed Class, pray for judgment against Defendants Amazon Web Services, Inc. and Pindrop Security, Inc. as follows:

A. Certifying this case as a class action, appointing Plaintiffs as Class representatives, and appointing Plaintiffs' counsel as Class Counsel;

B. Finding that Defendants' conduct violates BIPA;

C. Awarding actual damages caused by Defendants' BIPA violations;

D. Awarding statutory damages of $5,000 for each intentional and reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or damages of $1,000 for each negligent violation pursuant to 740 ILCS 14/20(1);

E. Awarding injunctive and/or other equitable or non-monetary relief as appropriate to protect the Class, including by enjoining Defendants from further violating BIPA pursuant to 740 ILCS 14/20(4);

F.  Awarding Plaintiffs reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

G.  Awarding Plaintiffs and the Class pre- and post-judgment interest, to the extent allowable; and

H.  Awarding such other and further relief as this Court deems appropriate and as equity and justice may require.

## JURY DEMAND

Plaintiffs request trial by jury of all claims asserted herein.

Dated: December 17, 2019                    Respectfully submitted,

*/s/ Jerome J. Schlichter*
Jerome J. Schlichter (IL 2488116)
Andrew D. Schlichter*
Alexander L. Braitberg (IL 6320350)
Brett Rismiller*
**SCHLICHTER BOGARD & DENTON LLP**
100 South Fourth St., Ste. 1200
St. Louis, MO 63102
Phone: (314) 621-6115
Fax: (314) 621-5934
jschlichter@uselaws.com
aschlichter@uselaws.com
abraitberg@uselaws.com
brismiller@uselaws.com

*Attorneys for Plaintiff*

*\*pro hac vice forthcoming*