## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTINE MCGOVERAN, JOSEPH VALENTINE, and AMELIA RODRIGUEZ, on behalf of themselves and all other persons similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON WEB SERVICES, INC., and PINDROP SECURITY, INC., <br><br> Defendants. | Case No. 20-cv-31-NJR <br><br> Hon. Nancy J. Rosenstengel |

## PINDROP SECURITY, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(6)

**INTRODUCTION**

Exceptional circumstances compel Pindrop to file this reply. The Supreme Court has expressly rejected the legal standards that plaintiffs claim govern the issues presented in Pindrop's motion: (i) the insufficiency of plaintiffs' allegations to state a claim, and (ii) this Court's lack of personal jurisdiction over Pindrop. Specifically, plaintiffs' proposed pleading standard (*i.e.*, that Pindrop "could have" violated plaintiffs' BIPA rights) contravenes the Supreme Court's decisions in *Iqbal* and *Twombly*, and Seventh Circuit precedent, which require more than conclusory allegations of "possible" conduct.[1] The Supreme Court has also rejected the only basis for personal jurisdiction asserted by plaintiffs—the plaintiffs' own connection with Illinois.[2]

This reply is also necessary: (i) to prevent plaintiffs' improper attempt to supplement their complaint with new material in their brief and declarations, and (ii) to correct plaintiffs' assertion that Pindrop's motion relies on material outside the complaint or must be converted into a summary judgment motion. *See Eagle Forum v. Phyllis Schlafly's Am. Eagles*, 2020 WL 374557, at *3 (S.D. Ill. Jan. 23, 2020) (exceptional circumstances for a reply exist where defendant "asserted that it sought to clarify legal inaccuracies found in [plaintiff's] response."). In fact, *plaintiffs'* reliance on new material highlights the complaint's failure to state a claim.

**I.   PLAINTIFFS' "COULD HAVE HAPPENED" PLEADING STANDARD IS CONTRARY TO BINDING SUPREME COURT AUTHORITY.**

Plaintiffs argue that "all that is required [to state a claim] is that Plaintiffs allege facts demonstrating that Pindrop 'could . . . have' collected, possessed, or disseminated their voice biometric data." Opp'n at 6 n.2 (citing *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)); *see also id.* at 7–8 (plaintiffs' "voice biometric data 'could . . . have' been collected," by

---

[1]   *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007).
[2]   *Walden v. Fiore*, 571 U.S. 277, 284 (2014).

Pindrop, and it "could have happened" that "Pindrop performs voice biometric analysis on 'every caller to John Hancock's call center(s).'"). In other words, plaintiffs advocate the "not impossible" standard expressly rejected by *Iqbal* and *Twombly*, both of which hold that a plaintiff must plead sufficient factual detail to show that its claim is *plausible*, not merely *possible*. *See Iqbal*, 556 U.S. at 678 ("The plausibility standard . . . ***asks for more than a sheer possibility that a defendant has acted unlawfully***.") (emphasis added); *Twombly*, 550 U.S. at 561 (rejecting argument that a complaint is sufficient "unless its factual impossibility" is evident from the pleadings). Indeed, *Swanson*, the lone case on which plaintiffs rely, makes clear the effect of *Iqbal* and *Twombly*: "It is by now well established that a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson*, 614 F.3d at 403 (emphasis in original).

The *Swanson* court's statement that "the court will ask itself *could* these things have happened, not *did* they happen," *id.* at 404 (emphasis in original), provides plaintiffs with no lifeline. The Seventh Circuit's point was that a court need not determine "whose version [of events] to believe, or which version is more likely than not" in deciding a motion to dismiss. *Id.* And although a *court* examines whether the version of events that entitles plaintiff to relief *could have happened*, plaintiffs must allege that these events *did, in fact, happen*. Thus, plaintiffs must do more than allege that a violation is *hypothetically* possible because Pindrop "could have" collected their data; they must actually allege events that (if proved) would entitle them to relief. *See id.* at 405 ("'[A]bstract recitations of the elements of a cause of action or conclusory legal statements,' do nothing to distinguish the particular case . . . from every other hypothetically possible case in that field of law," and do not state a claim for relief) (citation omitted); *see also Iqbal*, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than

the mere possibility of misconduct, the complaint has . . . not 'shown that the pleader is entitled to relief.'") (citation omitted); *McCauley v. City of Chicago*, 671 F.3d 611, 619 (7th Cir. 2011) (distinguishing *Swanson* as a straightforward discrimination case, and holding, as did *Swanson*, that more complex claims require more specific pleading to be plausible).[3]

In short, unable to defend their complaint under *Iqbal* and *Twombly*, plaintiffs rely on a legally erroneous pleading standard expressly rejected by the Supreme Court and Seventh Circuit.

## II. PLAINTIFFS' BRIEF CONFIRMS THE LACK OF ANY ALLEGATIONS SHOWING PINDROP VIOLATED PLAINTIFFS' BIPA RIGHTS.

Plaintiffs' brief does not identify a single *fact* alleged in their complaint showing wrongful conduct by Pindrop directed to plaintiffs themselves—*i.e.*, nothing shows (i) plaintiffs called a call center operated by AWS; (ii) the call center used Pindrop's services; (iii) plaintiffs' calls were ever subject to any voice authentication or verification process, let alone Pindrop's services; (iv) any communications between Pindrop and plaintiffs or ability for Pindrop even to obtain consent; (v) Pindrop collected, possessed, or disseminated any biometric information of plaintiffs; and (vi) Pindrop failed to store, transmit, or protect plaintiffs' biometric data in "the manner in which [Pindrop] stores, transmits, and protects other confidential and sensitive information." Compl. ¶ 113. Plaintiffs attempt to fill these gaps with new materials and statements in their brief and declarations, but found nowhere in the complaint. For example, plaintiffs now say they called call centers (*see* Opp'n Exs. 2–4), and cite new webpages to claim Pindrop "itself" analyzes voice biometric data.[4] *See, e.g.*, Opp'n at 3 n.1, 6. However, "the complaint may not be amended by the briefs in opposition to a motion to dismiss." *See Car Carriers, Inc. v. Ford Motor Co.*, 745

---

[3] *See also Heard v. Becton, Dickinson & Co.*, 2020 WL 887460, at *2 (N.D. Ill. Feb. 24, 2020) (dismissing BIPA claim where plaintiff failed to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged") (citation omitted).

[4] Notably, the statements on the webpages that plaintiffs now cite (and erroneously claim can be considered by the Court) expressly discuss what the Pindrop product "Passport" can do, not what Pindrop *itself* does.

3

F.2d 1101, 1107 (7th Cir. 1984).[5]  Nor may the Court consider declarations, submitted to support their jurisdiction argument, to assess whether plaintiffs state a claim.  *See, e.g., Radimecky v. Mercy Health Care & Rehab. Ctr.*, 2000 WL 1644510, at *2 n.2 (N.D. Ill. Oct. 26, 2000).

### III. THERE IS NO BASIS TO CONVERT PINDROP'S 12(b)(6) MOTION INTO A SUMMARY JUDGMENT MOTION.

Other than a citation to *Bloomberg* describing the nature of John Hancock's business (of which the Court may take judicial notice, *see* Mot. at 5 n.3), Pindrop relied solely on documents cited in plaintiffs' complaint.  *See* Mot. at 8 (citing Compl. ¶ 72 n.13); *id.* at 9–10 (citing Compl. ¶¶ 52 n.9, 57–59).  As plaintiffs themselves concede (Opp'n at 6), a party may cite materials referenced in a complaint without converting a motion to dismiss into one for summary judgment. *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014).

Nor did Pindrop raise factual issues or improperly address the merits when it pointed out that the cited material did not show any connection whatsoever between Pindrop and plaintiffs. *See* Mot. at 8–10.  This was evident from the face of those materials, even assuming (for purposes of Pindrop's motion) that the purported statements contained in those materials are true.

### IV. PLAINTIFFS' BRIEF CONFIRMS PERSONAL JURISDICTION IS LACKING.

Plaintiffs argue that this Court has personal jurisdiction because Pindrop allegedly "collected voiceprints of Illinois citizens who placed calls from within Illinois and from Illinois phone numbers" to John Hancock.  Opp'n at 4, 15, Exs. 2–4.  Their argument both ignores and is contradicted by *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (cited by Pindrop), which holds that the analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there."  The only connection to Illinois plaintiffs assert is that

---

[5] Plaintiffs' assertion that, because the complaint cited Pindrop's "website," the Court can consider different, uncited pages within the website is as incorrect as saying that a party can bolster its complaint by relying on a new document contained in the same file cabinet as a document cited in its complaint.  *See* Opp'n at 3 n.1, 6.

4

they reside and initiated calls there using "Illinois" phone numbers. *See* Opp'n Exs. 2–4. But after *Walden*, "'the plaintiff cannot be the only link between the defendant and the forum'" and "[a]ny decision that implies otherwise can no longer be considered authoritative." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 802 (7th Cir. 2014) (citation omitted); *see Bray v. Lathem Time Co.*, 2020 WL 1492742, at *2 (C.D. Ill. Mar. 27, 2020) (dismissing BIPA claim; "plaintiff cannot be the sole link between a defendant and the forum"). Plaintiffs' reliance on *Johnson v. Levine*, 2010 WL 11565552, at *3–4 (S.D. Ill. Sept. 17, 2010), and other pre-*Walden* decisions is therefore misplaced.

Plaintiffs' remaining cases involve communications initiated by a *defendant* who knowingly targeted forum residents. Plaintiffs allege no such conduct by Pindrop, nor provide any evidence or allegation regarding Pindrop's knowledge. Furthermore, plaintiffs do not suggest that Pindrop controls which parties do business with John Hancock, and "[d]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Walden*, 571 U.S. at 286 (citation omitted); *cf. Advanced Tactical Ordnance Sys., LLC*, 751 F.3d at 803 (defendant's email list that "allow[ed] it to shower past customers and other subscribers with . . . emails" was insufficient; "a relation [between company and Indiana] would be entirely fortuitous, depending wholly on activities out of the defendant's control," such as where the customers decide to open the emails.).[6]

## CONCLUSION

Plaintiffs' complaint should be dismissed in its entirety.

---

[6] Because plaintiffs' only theory of jurisdiction is legally insufficient, there is no basis for jurisdictional discovery. Moreover, plaintiffs' own authority holds that discovery should be *denied* where plaintiff provides nothing more than "its unsupported suspicion" that jurisdiction is proper. *See Ticketreserve, Inc. v. viagogo, Inc.*, 656 F. Supp. 2d 775, 783 (N.D. Ill. 2009) (granting motion to dismiss for lack of personal jurisdiction).

Dated:  May 26, 2020						Respectfully submitted,

						**PINDROP SECURITY, INC.**


						By: /s/ *Andrew B. Bloomer*
						Andrew B. Bloomer
						Catherine L. Fitzpatrick
						Amelia Bailey
						KIRKLAND & ELLIS LLP
						300 North LaSalle
						Chicago, IL 60654
						Telephone: (312) 862-2000
						Facsimile: (312) 862-2200
						andrew.bloomer@kirkland.com
						cfitzpatrick@kirkland.com
						amelia.bailey@kirkland.com

						Diana Torres
						KIRKLAND & ELLIS LLP
						2049 Century Park East, Suite 3700
						Los Angeles, CA 90067
						Telephone:  (310) 552-4200
						Facsimile: (310) 552-5900
						dtorres@kirkland.com

## **CERTIFICATE OF SERVICE**

I certify that on May 26, 2020, I electronically filed the foregoing document with the Clerk of this Court by using the CM/ECF system, which will accomplish service through the Notice of Electronic Filing for parties and attorneys who are Filing Users.

/s/ *Andrew B. Bloomer*
Andrew B. Bloomer