# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTINE MCGOVERAN, JOSEPH VALENTINE, and AMELIA RODRIGUEZ, on behalf of themselves and all other persons similarly situated, known and unknown,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON WEB SERVICES, INC., and PINDROP SECURITY, INC.,<br><br>Defendants. | Case No. 20-cv-31-NJR<br><br>Hon. Nancy J. Rosenstengel |

**DEFENDANT AMAZON WEB SERVICES, INC.'S REPLY IN SUPPORT
OF ITS MOTION TO DISMISS UNDER RULES 12(b)(2) AND 12(b)(6)**

Exceptional circumstances compel Defendant Amazon Web Services, Inc. ("AWS") to file this short, targeted reply to correct Plaintiffs' mischaracterization of the applicable law regarding personal jurisdiction. This Court should dismiss the Complaint because the Court lacks personal jurisdiction over AWS and for the reasons stated in AWS's Rule 12(b)(6) Motion to Dismiss (ECF No. 49).[1]

## I. AWS DID NOT CONSENT TO PERSONAL JURISDICTION.

Plaintiffs assert that AWS consented to this Court's personal jurisdiction "because it asked this Court to compel discovery from Plaintiffs and affirmatively stated that it will seek to compel arbitration before asserting a personal jurisdiction defense." ECF No. 62, Opp'n at 4. AWS's motion, however, sought *only* "Plaintiffs' basic contact information [email address[es] and phone number[s]] relevant to AWS's *potential* motion to compel arbitration," which Plaintiffs refused to provide AWS informally. ECF No. 32, at 4–5. AWS has not served any discovery requests on Plaintiffs, nor sought to compel any merits discovery whatsoever.

"To waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). AWS's motion did not give Plaintiffs (or the Court) any reasonable expectation that it would defend the case on the merits, nor did it cause the Court to waste its efforts. To the contrary, at most, AWS's motion put Plaintiffs and the Court on notice that AWS suspected that Plaintiffs' claims are subject to arbitration and thus should not be adjudicated in this forum at all.

---

[1] AWS does not concede that Plaintiffs' other arguments in its Opposition have any merit and stands by the arguments asserted in its Motion to Dismiss. Plaintiffs' inaccurate recitation of the record and the law regarding jurisdictional consent compel AWS to file this targeted reply consistent with Local Rule 7.1(c).

AWS also never suggested that it would file a motion to compel arbitration *before* its responsive pleading date of March 2, 2020. AWS sought only to comply with the Seventh Circuit's direction that "a party must do all that it can reasonably be expected to do to determine as early as possible whether to proceed through arbitration or the courts" to prevent a potential finding that AWS waived its right to arbitrate. *Kawasaki Heavy Indus. v. Bombardier Rec. Prods.*, 660 F.3d 988, 996 (7th Cir. 2011); *see also Smith v. GC Services Limited Partnership*, 907 F.3d 495, 499 (7th Cir. 2018).

Seventh Circuit case law makes clear that a defendant does not waive its right to contest personal jurisdiction through minimal, preliminary conduct — particularly where, as here, the defendant vigorously disputes personal jurisdiction in its first responsive pleading. *See, e.g.*, *Mobile Anesthesiologists Chicago, LLC*, 623 F.3d at 443 (defendant's motions to continue a hearing and for "expedited discovery" did not "come close" to what is required for waiver of personal jurisdiction); *Pierson v. Nat'l Inst. for Labor Relations Research*, No. 15 C 11049, 2016 WL 6093490, at *3–4 (N.D. Ill. Oct. 17, 2016) ("Defendants have not waived the personal-jurisdiction defense by engaging in litigation before this Court because this case is still in its early stages," and "Defendants have not yet engaged in discovery pertaining to the merits of the case nor have they filed their answer."); *Bullar v. Archway Skydiving CTR., Inc.*, No. 11-CV-0468-MJR-PMF, 2013 WL 12049093, at *4 (S.D. Ill. May 16, 2013) (Defendant has "neither given Plaintiffs an expectation it will defend the suit on the merits, nor required court resources that would be 'wasted' should personal jurisdiction be found lacking."). In the words of the Seventh Circuit, AWS "had the right to ask for more time to learn who was suing it and why without losing its right to object to personal jurisdiction." *Mobile Anesthesiologists Chicago, LLC*, 623 F.3d at 443.

Cases cited by Plaintiffs are readily distinguishable and further demonstrate why AWS's motion requesting Plaintiffs' contact information did not constitute consent to personal jurisdiction. AWS neither "equivocated as to whether or not [it] intended to waive the defense," nor "requested . . . additional rulings before . . . decid[ing] whether to waive jurisdiction." *In re Asbestos Prod. Liab. Litig. (No. VI)*, 921 F.3d 98, 106 (3d Cir. 2019). Quite the opposite. AWS promptly moved to dismiss, *inter alia*, for lack of personal jurisdiction. Plaintiffs concede that *Derse Inc. v. Haas Outdoors Inc.* – and the out-of-Circuit cases in the Opposition's footnote no. 1 – found waiver because the defendants in those cases each filed a "motion to compel arbitration ***prior to*** asserting personal jurisdiction defense." Opp'n at 4 (citing No. 09-CV-97, 2011 WL 554060, at *3 (E.D. Wis. Feb. 4, 2011)) (emphasis added). Again, AWS did not affirmatively move to compel arbitration; rather, it merely sought basic contact information necessary to determine whether it could do so.

*Paylan v. Bondi* and *MC Asset Recovery, LLC v. Commerzbank AG* are also inapposite. *See* Opp'n at 5 n.2. AWS has not formally served "requests for production" or moved to compel discovery on the merits of Plaintiffs' claims, *Paylon v. Bondi*, No. 15-1366-AEP, 2015 WL 12819148, at *2 (M.D. Fla. Nov. 9, 2015), nor waited almost "an entire year" before "first attempt[ing] to assert" a personal jurisdiction defense while filing "over ten substantive briefs, participating in mediation, and designating experts." *MC Asset Recovery, LLC v. Commerzbank AG*, No. 06-013-Y, 2015 WL 13544919, at *5 (N.D. Tex. Dec. 10, 2015). In stark contrast, AWS's motion sought only Plaintiffs' basic contact information to allow AWS to ascertain a threshold matter: whether Plaintiffs agreed to arbitrate their claims.

Plaintiffs also contend that AWS somehow "conceded Illinois's jurisdiction" through its ***withdrawn*** Motion to Transfer Venue Pursuant to 28 U.S.C. §1404(a) (ECF No. 50), which was

3

filed *after* AWS's Rule 12(b)(2) and Rule 12(b)(6) Motion to Dismiss.  *See* Opp'n at 5 n.3.  That's illogical.  Moreover, AWS withdrew the Motion to Transfer Venue.  "The effect of withdrawal of a motion is to leave the record as it stood prior to the filing, that is, as though the motion had never been made."  56 Am Jur 2d Motions, Rules, and Orders § 31 (2020); *see also Vanderwerf v. SmithKline Beecham Corp.*, 603 F.3d 842, 846 (10th Cir. 2010) (same); *Davis v. United States*, No. EDCV 07-0481-VAP (OPx), 2010 U.S. Dist. LEXIS 7036, at *7–8 (C.D. Cal. Jan. 28, 2010) (same); *Caldwell-Baker Co. v. S. Ill. Railcar Co.*, 225 F. Supp. 2d 1243, 1259 (D. Kan. 2002) ("Withdrawal of a motion has a practical effect as if the party had never brought the motion."). [2]

Plaintiffs are not entitled to play "heads I win, tails you lose" with the appropriate forum and this Court's jurisdiction.  Presumably, Plaintiffs' counsel refused to informally provide AWS with Plaintiffs' basic contact information because Plaintiffs did agree to arbitrate their BIPA claims and wish to avoid being compelled to do so.  But either way, this case does not belong in this Court.

AWS did not give Plaintiffs (or the Court) any reasonable expectation that it would defend this suit on the merits.  *See Mobile Anesthesiologists Chicago, LLC*, 623 F.3d at 443.  Rather than consent to this Court's jurisdiction, AWS instead promptly moved to dismiss for lack of personal jurisdiction in its responsive pleading.[3]

---

[2] AWS filed its Transfer Motion to inform the Court that a similar BIPA action was already pending in the Northern District and that if the case was not dismissed, the two BIPA class actions filed against AWS may potentially be consolidated in the interests of justice and for the convenience of the parties.  *See* ECF No. 50 at 7, 9, 15 n.9.  AWS's Transfer Motion made very clear that personal jurisdiction over AWS is lacking in Illinois.

[3] If this case is not dismissed based on AWS's pending Motion to Dismiss, AWS will engage in discovery to determine whether Plaintiffs agreed to arbitrate their BIPA claims at the earliest time permitted by the Rules and does not waive its ability to move to enforce any binding arbitration agreement(s).

## II.     CONCLUSION.

For these reasons and those articulated in AWS's Motion to Dismiss (ECF No. 49), Plaintiffs' Complaint should be dismissed in its entirety.

Dated:  June 26, 2020                                    Respectfully submitted,

                                                              AMAZON WEB SERVICES, INC.

                                                              By: */s/ Elizabeth B. Herrington*
                                                                       Elizabeth B. Herrington
                                                                       MORGAN, LEWIS & BOCKIUS LLP
                                                                       77 West Wacker Dr.
                                                                       Chicago, IL 60601-5094
                                                                       Tel. 312.324.1445
                                                                       Fax 312.324.1001
                                                                       Beth.Herrington@morganlewis.com

## **CERTIFICATE OF SERVICE**

      I, Elizabeth B. Herrington, hereby certify that on June 26, 2020, I caused a copy of the foregoing document to be served upon all counsel of record for all parties that have appeared via the Court's CM/ECF System.

                                             */s/ Elizabeth B. Herrington*
                                             Elizabeth B. Herrington